**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esquire - 316939
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Carlos Alzate** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION** |
| | : | **No.** |
| v. | : | |
| | : | **PLAINTIFF REQUESTS A TRIAL** |
| **Scott Imports, Inc. d/b/a** | : | **BY JURY** |
| **Martin Main Line Honda** | : | |
| | : | |
| **Defendant** | : | |

**COMPLAINT**

**I.   PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Carlos Alzate. Plaintiff was an employee of Defendant, Scott Imports, Inc. d/b/a Martin Main Line Honda. Plaintiff who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under the Family Medical Leave Act ("FMLA").

**II.   JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the FMLA.

1

4. The Eastern District of Pennsylvania has specific jurisdiction over this matter because the events and occurrences that give rise to Plaintiff's claim occurred in this district. In addition, this district has general jurisdiction over the Defendant.

**III.   PARTIES**

5. The Plaintiff herein is Carlos Alzate, former employee of the Defendant.

6. The Defendant herein is Scott Imports, Inc. d/b/a Martin Main Line Honda, as well as any other separate corporate entities that acted in a joint-employer relationship with Scott Imports, Inc. d/b/a Martin Main Line Honda, whose identities are not yet known.

**IV.   ADDITIONAL UNDERLYING FACTS**

7. The Defendant, upon information and belief, employed 50 or more persons when the unlawful conduct alleged in this Complaint occurred.

8. Plaintiff worked long enough both in duration and frequency to qualify for leave under the FMLA.

9. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant.

10. At all times material herein, Defendant is and has been a "person" and "employer" as defined under the FMLA.

**V.   UNDERLYING FACTS**

11. Paragraphs 1 through 10 are incorporated by reference, as if set forth at length.

12. While working for the Defendant, Plaintiff sought to take FMLA leave.

13. Plaintiff contacted the Defendant, informed them of his intention to use FMLA leave, and filled out all the required paperwork.

14. Plaintiff submitted the request and he was all set to take FMLA leave from July 8, 2019 to October 8, 2019.

15. In April of 2019, while his FMLA leave request was pending, the Defendant cut Plaintiff's hours.

16. Plaintiff was the only employee whose hours were cut during this time period.

17. During this same time, Plaintiff's manager began harassing him about his FMLA leave.

18. He asked him questions like how could he possibly take off for three months, how could a new person be trained, and he even went so far as to say that Plaintiff should just "quit now".

19. Shortly after this conversation, Plaintiff's supervisors tried to write him up for a performance issue.

20. Plaintiff rebutted this potential write up, and human resources told him he didn't need to sign the false write up.

21. Shortly thereafter, on April 24, 2019, Plaintiff was terminated.

22. Plaintiff was terminated for an alleged issue with a customer that was not true.

23. Plaintiff was not terminated for any performance issues.

24. Instead, Defendant terminated the Plaintiff to interfere with him taking FMLA leave and to retaliate against him for taking FMLA leave.

## COUNT I

## INTERFERENCE AND RETALIATION UNDER THE FAMILY MEDICAL LEAVE ACT

25. Plaintiff repeats all of the facts and all of the paragraphs numbered 1 through 24 as if stated in their entirety herein.

26. Defendant was a covered employer under the FMLA.

27. Plaintiff was eligible for FMLA leave.

28. Plaintiff went through the process of requesting FMLA leave, and submitted all the necessary paperwork.

29. Plaintiff faced immediate hostility after he requested FMLA leave.

30. Plaintiff was eventually terminated on false accusations.

31. Plaintiff's termination violated the FMLA in two ways.

32. First, he was terminated to interfere with him taking FMLA leave.

33. Second, he was terminated in retaliation for taking FMLA leave.

34. The Defendant's violation of the FMLA was negligent, reckless, and/or intentional.

35. Defendant, its upper level managers, and supervisors willfully violated the FMLA by terminating the Plaintiff.

## PRAYER FOR RELIEF

36. Plaintiff incorporates paragraphs 1 through 35 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in his favor against the Defendant, and order that:

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had she not been subjected to unlawful discrimination based on his request for leave.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages and compensatory damages for future pecuniary losses/

D. Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark R. Natale
Mark R. Natale, Esquire
*Attorneys for Plaintiff*